IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT JACKSON

| | | |
|---|---|---|
| SHARMAINE KING and<br>CHASTITY PARHAM, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Docket No. 1:15-cv-01303 |
| DEBRA K. PAYNE, Commissioner,<br>Tennessee Department of Intellectual<br>and Developmental Disabilities, in her official<br>capacity only, et al., | ) <br> ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

## ORDER HOLDING CASE IN ABEYANCE

Defendant Haslam, in his official capacity, has moved the Court to hold this case in abeyance. According to the Complaint filed herein, the Plaintiffs have requested a hearing regarding their placement on the Abuse Registry pursuant to Tenn. Code Ann. § 68-11-1001 *et seq*. (DE 1, pp. 3-4). That hearing is currently scheduled for June 1 and 2, 2016 in Memphis, Tennessee. (DE 18-2, fn. 1). Tennessee Code Annotated § 68-11-1003(d) provides that an individual who challenges her inclusion on the abuse registry is afforded an opportunity for a hearing on the matter that complies with the requirements of due process and the Uniform Administrative Procedures Act. Tennessee Code Annotated §§ 4-5-301 through 4-5-325 provide for contested cases, such as the Plaintiffs have concerning their inclusion on the Abuse Registry. That procedure includes judicial review in the Chancery Court of Davidson County and appellate review by the Tennessee Court of Appeals. Tenn. Code Ann. §§ 4-5-322 and 323.

The United States Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971), "counsels federal-court absention when there is a pending state proceeding" and "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423 (1979). *Younger* abstention has been extended to civil proceedings, *see Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975), as well as administrative proceedings. *See Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 627-28 (1986).

Underlying the present case are ongoing state judicial proceedings which will likely have an impact on the claims of the Plaintiffs and the defenses of the Defendants. Accordingly, for good cause shown, Defendant Haslam's motion to hold case in abeyance is GRANTED and this case shall be held in abeyance until the ultimate resolution of the underlying state judicial proceedings.

It is so ORDERED this 18th day of May, 2016.

                                                               s/ J. DANIEL BREEN
                                                               Chief United States District Judge